IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAKYTHA Y. WESTRY,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>KILOLO KIJAKAZI, *Acting*  )<br>*Commissioner of Social Security*,  )<br>    Defendant.  )| CIVIL ACTION NO. 1:21-00074-N |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sakytha Y. Westry brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits (collectively, "DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*[1] Upon due consideration of the parties' briefs (Docs. 18, 19) and those portions of the certified transcript of the administrative record (Doc. 17) relevant to the issues raised, and with the benefit of oral argument, the Court finds that the Commissioner's final

---

[1] "Title II of the Social Security Act (Act), 49 Stat. 620, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1)(D) (1982 ed., Supp. III). Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program. § 1382(a)." *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

decision is due to be **AFFIRMED**.[2]

## I.  *Procedural Background*

Westry filed the subject DIB and SSI applications with the Social Security Administration ("SSA") on August 12, 2019. After they were initially denied, Westry requested, and on August 6, 2020, received, a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. On August 24, 2020, the ALJ issued an unfavorable decision on Westry's applications, finding her not disabled under the Social Security Act and therefore not entitled to benefits. (*See* Doc. 17, PageID.77-93).

The Commissioner's decision on Westry's applications became final when the Appeals Council for the Office of Disability Adjudication and Review denied her request for review of the ALJ's unfavorable decision on January 4, 2021. (*Id.*, PageID.66-70). Westry subsequently brought this action under §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such

---

[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 22, 23).

decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.   *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted).

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC* v. *Roswell*, 574 U.S. [293], [301], 135 S. Ct. 808, 815, 190 L. Ed. 2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence … is "more than a mere scintilla." *Ibid.*; see, *e.g.*, [*Richardson v.*] *Perales*, 402 U.S. [389,] 401, 91 S. Ct. 1420[, 28 L. Ed. 2d 842 (1971)] (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S. Ct. 206. See *Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

In reviewing the Commissioner's factual findings, a court " 'may not decide

the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). *See also Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("A preponderance of the evidence is not required. In determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings." (citation omitted)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the findings made by the [agency] were unreasonable. To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022,

1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[3]

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [A court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light

---

[3] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result…"); *Hunter*, 808 F.3d at 822 ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (per curiam) (unpublished) ("The question is not, as Werner suggests, whether ALJ could have reasonably credited his testimony, but whether the ALJ was clearly wrong to discredit it." (footnote omitted)); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

of all the relevant facts.").[4]

---

[4] However, the "burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409, 129 S. Ct. 1696, 173 L.Ed.2d 532 (2009). *See also Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. Unit A Sept. 8, 1981) (per curiam) ("It is the claimant who bears the weighty burden of establishing the existence of a disability within the meaning of the Act, and therefore the appellant has the burden of showing that the Secretary's decision is not supported by substantial evidence in the record." (citation omitted)); *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) (unpublished) ("Under a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion."). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it...' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). The Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court...Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sorter v.*

The "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ….' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established

---

*Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue')."); *Figuera v. Comm'r of Soc. Sec.*, 819 F. App'x 870, 871 n.1 (11th Cir. 2020) (per curiam) (unpublished) ("Figuera also argues the ALJ failed to properly assess her credibility … However, Figuera did not adequately raise this issue in her brief before the district court. She raised the issue only summarily, without any citations to the record or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (noting that a party 'abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority'). As a result, we do not address the sufficiency of the ALJ's credibility finding."); *Turner v. Social Security Administration, Commissioner*, No. 21-13590, 2022 WL 842188, at *2 (11th Cir. Mar. 22, 2022) (per curiam) (unpublished) ("An appellant forfeits an argument by 'mak[ing] only passing references to it or rais[ing] it in a perfunctory manner without supporting arguments and authority.' *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). In her briefing, Turner states that the Appeals Council failed to request her records or obtain a consultative evaluation. But she cites no authorities or makes any other argument tending to establish that it had a duty to do so. She has therefore failed to adequately develop this argument, and it is forfeited.").

that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). " 'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.' " *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)."). Moreover, an ALJ's decision must "state with at least some measure of clarity the grounds for [the] decision." *Owens*, 748 F.2d at 1516; *Winschel*, 631 F.3d at 1179. A court cannot "affirm simply because some rationale might have supported the [Commissioner]' conclusion[,]" as "[s]uch an approach would not advance the ends of reasoned decision making."

*Owens*, 748 F.2d at 1516. Rather, "an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself." *Fed. Power Comm'n v. Texaco Inc.,* 417 U.S. 380, 397, 94 S. Ct. 2315, 41 L. Ed. 2d 141 (1974) (quotation omitted). *See also Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."); *Nance v. Soc. Sec. Admin., Comm'r*, 781 F. App'x 912, 921 (11th Cir. 2019) (per curiam) (unpublished)[5] ("Agency actions … must be upheld on the same bases articulated in the agency's order." (citing *Texaco Inc.,* 417 U.S. at 397, and *Newton*, 209 F.3d at 455)).

Eligibility for DIB and SSI requires a showing that the claimant is disabled, 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2), meaning that the claimant is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are

---

[5] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

> significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[6]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*,

---

[6] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

764 F.2d 834, 836 (11th Cir. 1985). Although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

If a court determines that the Commissioner reached a decision "by focusing upon one aspect of the evidence and ignoring other parts of the record[, i]n such circumstances [the court] cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Nevertheless, " 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.' " *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780,

782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (quotation and brackets omitted)).

When, as here, the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III.     *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Westry met the applicable insured status requirements through December 31, 2015, and that she had not engaged in substantial gainful activity since the alleged disability onset date of October 1, 2013.[7] (Doc. 17, PageID.82-83). At Step Two,[8] the ALJ determined that Westry had

---

[7] "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured." *Moore*, 405 F.3d at 1211 (citation omitted).

[8] "The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Yuckert*, 482 U.S. at 153. *See also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (Step Two "is a 'threshold inquiry' and 'allows only claims based on the

the following severe impairments: diabetes mellitus, hypertension, obesity, lumbar degenerative disc disease, asthma, and anemia. (Doc. 17, PageID.83-85). At Step Three,[9] the ALJ found that Westry did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in Appendix 1 of the Listing of Impairments, 20 C.F.R. § 404, Subpt. P, App. 1. (Doc. 17, PageID.86-86).

At Step Four,[10] the ALJ determined that Westry had the residual functional

---

most trivial impairments to be rejected.' " (quoting *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). "[A]n 'impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.' A claimant's burden to establish a severe impairment at step two is only 'mild.' " *Schink*, 935 F.3d at 1265 (citation omitted) (quoting *McDaniel*, 800 F.2d at 1031).

[9] Conversely to Step Two, Step Three "identif[ies] those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." *Yuckert*, 482 U.S. at 153. *See also Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) ("If the claimant's condition meets or equals the level of severity of a listed impairment, the claimant at this point is conclusively presumed to be disabled based on his or her medical condition.").

[10] At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).

capacity (RFC) "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)[,]"[11] subject to the following: she "can occasionally lift and/or carry

---

> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted). "[A]n ALJ's RFC assessment is an administrative finding based on all the relevant evidence, including both medical and nonmedical evidence." *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1065 (11th Cir. 2021).

[11] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. The criteria for "light" work are as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

twenty pounds[;] can frequently lift and/or carry ten pounds[;] can sit for six hours, stand for six hours, and walk for six hours across an eight-hour workday[;] can frequently reach, handle, finger, and feel[;] can occasionally stoop, climb, crouch, crawl, balance, and/or kneel[;] cannot be exposed to dangerous heights or machinery[;] can occasionally work in exposure to extreme heat or cold[;] can occasionally work in exposure to concentrates [sic] dusts, fumes, or gasses[; and] has no communicative, visual, or hearing limitations." (Doc. 17, PageID.86-91). Based on the RFC, the ALJ determined that Westry was capable of performing past relevant work as a retail sales associate. (*Id.*, PageID.91-92). Thus, the ALJ found that Westry was not under a disability as defined by the Social Security Act from the disability onset date through the date of the ALJ's decision. (*Id.*, PageID.93).

## IV. *Analysis*

At the hearing on Westry's applications, the ALJ asked a vocational expert (VE) [12] "to identify positions under the Dictionary of Occupational Titles[ [13] ]

---

[12] "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240.

[13]

> [T]he SSA "rel[ies] primarily on the DOT ... for information about the requirements of work in the national economy." SSR 00-4p, 2000 WL 1898704, at *2. [Title] 20 C.F.R. § 416.966(d) explicitly names the DOT as one of the main sources of jobs data the SSA relies on, and provides that ALJs "will take administrative notice of reliable job information available" in the DOT. This subsection places the DOT first in its list of

corresponding to the evidence of [Westry]'s prior work activity." (Doc. 17, PageID.91). The VE identified the position of "Retail Sales Associate (semi-skilled work, specific vocational preparation of three, light level of exertion, DOT No. 279.357-054)," and the ALJ "adopt[ed] the expert's characterization of the position." (*Id.*). The only other question the ALJ asked the VE at the hearing was what "amount of hearing and talking" was required in that job, to which the VE responded that both were "frequent." (*Id.*). The ALJ went on to find that Westry could perform past relevant work by relying primarily on the Dictionary of Occupational Titles, comparing the DOT's description of Retail Sales Associate to Westry's testimony regarding the demands of her past work. (*Id.*, PageID.91-92

Westry's sole claim of reversible error is that the ALJ could not rely on "his own interpretation of the Dictionary of Occupational Titles" in finding that Westry could perform past relevant work. Instead, Westry argues, the ALJ was required to support that finding by posing a hypothetical to the VE comprising all of Westry's impairments in the RFC. Westry is wrong.

At Step Five—the only step where the Commissioner bears the evidentiary burden—"the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert. In order for a vocational expert's testimony to

---

> reliable government sources. *Id.* … [O]ther SSA Rulings describe the DOT as "authoritative." <u>See, e.g.</u>, SSR 96-9p.

*Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364–65 (11th Cir. 2018).

constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel*, 631 F.3d at 1180 (citations and quotation omitted). However, before the Commissioner is obligated to proceed to Step Five, the "claimant bears the burden" through Step Four "of demonstrating an inability to return to his past relevant work…" *Schnorr*, 816 F.2d at 581.

As the Commissioner correctly points out, an ALJ is not required to consult a VE at Step Four in order to determine that a claimant can perform past relevant work, and may instead rely on the DOT. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) ("We *may* use the services of vocational experts or vocational specialists, *or* other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity." (emphasis added)); Social Security Ruling (SSR) 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000) ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy. We use these publications at steps 4 and 5 of the sequential evaluation process. We *may* also use VEs and VSs at these steps to resolve complex vocational issues." (emphasis added)); *Schnorr*, 816 F.2d at 582 ("The testimony of a vocational expert is only required to determine whether the claimant's residual functional capacity permits him to do other work after the claimant has met his initial burden of showing that he cannot do past work."); *Lucas v. Sullivan*, 918

F.2d 1567, 1573 n.2 (11th Cir. 1990) (The claimant "argues that the ALJ erred in failing to solicit testimony from a vocational expert. However, because the ALJ concluded that she is capable of performing her past relevant work, testimony from a vocational expert was not necessary. If on remand the ALJ determines that Ms. Lucas is not able to perform her past relevant work as a teacher's aide or hotel maid, use of a vocational expert may be necessary."); *Belser v. Social Sec. Admin., Comm'r*, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (per curiam) (unpublished) ("This Court has held that, when an ALJ concludes that the claimant was capable of performing her past relevant work, testimony from a VE is not necessary." (citing *Lucas*, 918 F.2d at 1573 n.2)); *Hennes v. Commissioner of Social Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005) (per curiam) (unpublished) ("VE testimony is not required in determining whether a claimant can perform her past relevant work" (citing *Lucas*, 918 F.2d at 1573 n.2)).[14] Westry does not otherwise challenge either the accuracy or evidentiary sufficiency of the ALJ's Step Four finding, apart from vague suggestions that the ALJ failed to adequately explain his Step Four finding in accordance with SSRs 82-61 and 82-62. The undersigned rejects those suggestions.

No reversible error having been shown, the Court finds that the Commissioner's final decision denying Westry's applications for benefits is due to be **AFFIRMED**.

---

[14] The ALJ correctly recognized this, noting at Step Four that an ALJ "is permitted to make a step four determination without questioning of the vocational expert." (Doc. 17, PageID.92).

## V.   *Conclusion & Order*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Westry's August 12, 2019 DIB and SSI applications is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

A final judgment consistent with this opinion and order shall issue separately under Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 19th day of April 2022.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**